UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **MICHAEL LOPEZ AND DELIA LOPEZ** | § § § | |
| **V.** | § § | |
| | § | **Case No.: 7:16-cv-624** |
| **UNDERWRITERS AT LLOYD'S LONDON, MCCLELLAND AND HINE, INC., EQUITY CLAIMS, INC., ROBERT ALLEN STEPHENSON, AND TARA KOHLLEPPEL** | § § § § § | |

### DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON'S NOTICE OF REMOVAL

Defendant, Underwriters at Lloyd's, London, subscribing severally to Policy No. AC131452417  ("Underwriters" and "Defendant"), gives notice of removal of this civil action from the 389th Judicial District Court, Hidalgo County, Texas, to this Court:

1.      Underwriters were served with process on September 28, 2016. Therefore, this Notice for Removal is timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by Underwriters of the first notice of the Plaintiffs' Original Petition.

2.      This action is a civil action involving a claim by Plaintiffs for insurance proceeds and related damages allegedly sustained in connection with a storm occurring on or about April 24, 2015, in Donna, Hidalgo County, Texas.

3.      Michael Lopez and Delia Lopez, the Plaintiffs, are citizens of Texas.

4.      Plaintiffs' insurer, Defendant Underwriters, are all foreign citizens. Defendant Tara Cruzan (formerly known as and improperly named as Tara Kohlleppel) ("Cruzan") is a citizen of Maryland. Defendant Robert Stephenson ("Stephenson") is a citizen of Texas. Defendant McClelland and Hine is a citizen of Texas ("MHI"). Defendant Equity Claims, Inc.

("Equity") is a citizen of Virginia. (Hereinafter, Cruzan, Stephenson, MHI and Equity may be referred to collectively as "Adjusting Defendants"). These are the only defendants to the lawsuit. All have been served. Equity is the only Defendant who has not yet filed a responsive pleading.

5.      Defendant Underwriters removes this case to federal court because all of the Adjusting Defendants are improperly joined—two of whom are non-diverse (Stephenson and MHI).

6.      The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332.

7.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8.      The doctrine of improper joinder is well recognized in the Fifth Circuit, and the diverse party can remove the case to federal court when there is no possibility of recovery by the Plaintiffs against the non-diverse, improperly joined defendant.  *e.g, Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).  This "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  "Threadbare" allegations (those that offer nothing "upon which to draw a reasonable inference" that a Plaintiffs is entitled to relief from the non-diverse defendant) are "woefully inadequate" for the court to predict that recovery might be possible against a non-diverse defendant on the claims asserted.  *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014).

9.      The Petition's allegations lack the requisite "factual fit" against any of the causes of action pled against the Adjuster Defendants.

10.     Plaintiffs' alleged damages relate to their contract claim which is against Underwriters, only, under the policy of insurance. Plaintiffs allege that Underwriters denied or delayed their insurance claim, which is incorrect. Plaintiffs conflate their breach of contract claim against Underwriters with Insurance Code and Fraud claims against the Adjuster Defendants. Underwriters specifically deny Plaintiffs' allegation that Underwriters denied Plaintiffs' insurance claim and underpaid the claim. Underwriters paid $10,225.65 on Plaintiffs' claim, and the check cleared the bank on June 26, 2015.

11.     Plaintiffs improperly include the Adjuster Defendants in this breach of contract case and allege claims against the Adjuster Defendants for alleged violation of the Texas Insurance Code, common law fraud and conspiracy to commit fraud. These are the exact same causes of action levied against other adjuster defendants in the myriad of similar lawsuits filed by The Mostyn Law Firm throughout Texas including cases removed to this Court. *e.g.,* CVA 7:14-CV-664 and CVA 7:14-CV-514; *Mark Dizdar, et al. v. State Farm Lloyds*, *et al.,* D.E.1 at Plaintiffs' Original Petition.

12.     Plaintiffs allege the Adjuster Defendants violated sections of Chapter 541 of the Texas Insurance Code, specifically sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7). These are the same Code sections that Plaintiffs also allege Underwriters violated. Texas courts have held that the provisions cited by Plaintiffs do not apply to adjusters under the circumstances such as those alleged in this case. *See Slabaugh v. Allstate Ins. Co.*, 4:15-CV-115, 2015 WL 4046250 (E. D. Tex. June 30, 2015); *see also, Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 731 (N. D. Tex. 2014).

a.  **541.060(a)(1)**

Under section 541.060(a)(1), it is considered an unfair settlement practice to misrepresent

a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).  However, in order to recover under this section, the alleged misrepresentation "must be about the details of a policy, not the facts giving rise to a claim for coverage." *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277 at *4 (N.D. Tex. Dec.11, 2014) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014)). Thus to be viable, the misrepresentation would have to be that the insured "would receive a particular kind of policy that it did not receive" or that the insured was "denied coverage against loss under specific circumstances that [the defendant] previously had represented would be covered." *Messersmith*, 10 F.Supp.3d at 724.  Plaintiffs' Petition does not make such allegations as it neither alleges that the Adjuster Defendants made any pre-binding representations nor that they previously represented that the loss would be covered.

### b.  541.060(a)(2)(A)

Section 541.060(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability is reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). This section requires insurance companies to pay a claim when the evidence is "reasonably clear" that it must. According to recent case law, adjusters cannot be held liable under this section because adjusters do not have settlement authority on behalf of the insurer; rather the adjuster's sole role is to assess the damage. *Messersmith*, 10 F.Supp.3d at 724.  Consequently, Plaintiffs fail to state a claim under this subsection against the Adjuster Defendants.

### c.  541.060(a)(3)

Section 541.060(a)(3) provides that it is an unfair settlement practice to fail to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of

a claim[.]" TEX. INS. CODE §541.060(a)(3). However, "an adjuster cannot be held liable under §541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047 at *4 (N.D. Tex. Aug. 31, 2015). Thus, Section 541.060(a)(3) does not apply.

### d. 541.060(a)(4)

Section 541.060(a)(4) provides that it is an unfair settlement practice to fail "within a reasonable time to: affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights letter." TEX. INS. CODE §541.060(a)(4). However, "an adjuster cannot be held liable under [§541.060(a)(4)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *One Way Invs., Inc.*, 2014 WL 6991277, at *5. Further, and without admitting the section applies to Plaintiffs' claims, as stated in Plaintiffs' Petition, the contract/policy of insurance is between Plaintiffs and Underwriters, and Underwriters made the coverage determination. *See* Plaintiffs' Original Petition at paragraphs 63-64.

### e. 541.060(a)(7)

Finally, Plaintiffs allege that the Adjuster Defendants violated section 541.060(a)(7) which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE §541.060(a)(7). The conduct that this provision targets is an insurer's refusal to pay under certain circumstances. *Messersmith,* 10 F.Supp.3d at 725. Those who face liability under this section include the insurance company and/or the individual(s) at the insurance company who refused to pay the claim, not the individual responsible for conducting the investigation. Thus, the Adjuster Defendants cannot face liability under this subsection.

13.     The Petition alleges common law fraud and conspiracy to commit fraud in relation to unspecified representations by all Defendants upon which Plaintiffs detrimentally relied. *See* Plaintiffs' Original Petition at paragraphs 58-61.  The alleged conspiracy to commit fraud broadly refers to the "course of action" taken against Plaintiffs.  Plaintiffs do not allege additional injury or injury based on the purported fraud and conspiracy, and as such, these claims necessarily relate to Underwriters' coverage determination upon which Plaintiffs brings a breach of contract claim against Underwriters. The estimate of damages underlying the coverage determination, while not of Plaintiffs' liking, does not equate material, false representations required for a fraud claim.  They are merely an opinion of the cost to repair assessed damage and are not statements of coverage under the Policy. Also, and denying that the element of reliance is met for a fraud claim, Plaintiffs' alleged injury is not independent of those injuries claimed in relation to their breach of contract claim against Underwriters. There is no "factual fit" between the allegations and the common law fraud and conspiracy to commit fraud claims against any of the Defendants, and thus no possibility exists for the Court to predict that Plaintiffs might be able to recover them. *See Griggs*, 181 F.3d at701.

14.     The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

15.     Defendant Underwriters will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

16.     Plaintiffs demanded a jury trial in the state court suit.

17.     Pursuant to Local Rule 81, Defendant provides an index of the documents attached hereto and a list of the names, addresses, and telephone numbers of all counsel who have appeared in this action and their respective parties.

6

a)      a copy of Plaintiffs' Original Petition;

b)      a copy of the answer filed in state court on behalf of Defendant, Underwriters at Lloyd's, London;

c)      a copy of the answer filed in state court on behalf of Defendant, Tara Cruzan (former known as and improperly named as Tara Kohlleppel);

d)      a copy of the answer filed in state court on behalf of Defendant Robert Stephenson;

e)      a copy of the answer filed in state court on behalf of Defendant McClelland and Hine, Inc.;

f)      a copy of the Docket Sheet as printed from the Hidalgo County District Clerk's website;

g)      Civil Cover Sheet;

h)      A List of all Counsel of Record;

i)      Disclosure Statement under Fed. R. Civ. P. 7.1;

j)      a copy of the Affidavit of Service as to Robert Allen Stephenson; and

k)      a copy of the Affidavit of Service as to Tara Kohlleppel.

Defendant, Underwriters at Lloyd's, London, subscribing severally to Policy No. AC131452417, requests that the above-described action now pending in the 386th Judicial District Court, Hidalgo County, Texas be removed to this Honorable Court.

Respectfully submitted:

By: _/s/ Frank A. Piccolo_
    FRANK A. PICCOLO
    Federal No.: 30197
    Texas Bar No.: 24031227
    **PREIS PLC**
    24 Greenway Plaza, Suite 2050
    Houston, Texas 77046
    Telephone: (713) 355-6062
    Facsimile: (713) 572-9129
    Email: fpiccolo@preisplc.com

       **ATTORNEY-IN-CHARGE**

OF COUNSEL:

KENNETH H. TRIBUCH
Federal No.: 579059
State Bar No. 24042539
CAROLINE T. WEBB
Federal No.: 613260
State Bar No. 24051497
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129
Email: ktribuch@preisplc.com
      cwebb@preisplc.com

**COUNSEL FOR DEFENDANTS**
**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,**
**TARA CRUZAN, ROBERT STEPHENSON AND**
**MCCLELLAND AND HINE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the Federal Rules of Civil Procedure on this the 28th day of October, 2016.

                              */s/ Frank A. Piccolo*
                             Frank A. Piccolo